# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### BRYSON CITY DIVISION

## CIVIL NO. 2:04CV91

| | | |
|---|---|---|
| **SHARON E. SIDOTI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiff's application for attorney's fees

pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed January 10,

2005. Defendant filed a response to the Plaintiff's application on January 18, 2005, admitting the

Plaintiff is entitled to an award of reasonable attorney's fees and paralegal costs for assistance,

but contends the number of hours charged are excessive and should be reduced before an award

is made.

Addressing Defendant's argument of an excessive number of hours charged,

[o]nce the district court determines that plaintiffs have met the threshold
conditions for an award of fees and costs under the EAJA, the district court must
undertake the task of determining what fee is reasonable. . . . Ideally, of course,
litigants will settle the amount of a fee. However, where settlement is not
possible, the fee applicant bears the burden of establishing entitlement to an award
and documenting the appropriate hours expended. Counsel should submit
evidence supporting the hours worked, and exercise billing judgment with respect
to hours worked. Hours that are not properly billed to one's *client* also are not
properly billed to one's *adversary* pursuant to statutory authority.

***Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (internal citations and quotations**

**omitted).** On review of the Plaintiff's motion, the Court finds the following hours were not

reasonably expended by Attorney Bowling and disallows same: 1.0 hour on May 14, 2004, for

the filing of the summons and complaint; and 1.0 hour on September 27, 2004, for filing the

motion for summary judgment and brief. These acts would normally be clerical tasks and do not

require the expertise of experienced counsel. ***Holdeman v. Pennhurst State Sch. & Hosp.*, 49**

**F.3d 939, 942 (3d Cir. 1995).** The Court also disallows the following hours: .5 hour for

Attorney Martin on October 15, 2004, for reviewing the consent order since the same tasks were

performed by Attorney Bowling on November 13, 2004; 2.0 hours on September 27, 2004, for

proofreading and serving the brief on the Court by Attorney Martin, since these tasks duplicated

paralegal time. The remaining attorney hours claimed are approved.

 The Court next addresses the Defendant's objection to paralegal charges. The relevant

inquiry for requested paralegal fees is "'whether the work was sufficiently complex to justify the

efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder.'"

***Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999) (quoting *People Who***

***Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1315 (7th Cir. 1996)).** In

other words, "'paralegal time is recoverable as part of a prevailing party's award for attorney's

fees and expenses [but *only to the extent that the paralegal performs work traditionally done by*

*an attorney.*' . . . 'Otherwise, paralegal expenses are separately unrecoverable overhead

expenses.'" ***Hyatt, supra*, at 255 (quoting *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988)**

**and *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982)).** The Court agrees

with the Defendant that the number of paralegal hours requested is excessive and disallows 2.0

hours of the "draft statement of the case" and 2.0 hours of the "draft arguments," for a total of 4.0 hours. The remaining paralegal charges are approved.

Having concluded that the attorneys have properly expended 7.8 hours in preparation and presentation of the Plaintiff's case and that paralegal time expended is appropriately determined to be 20.1 hours; and further concluded that $153.34 per hour is a reasonable charge for attorney fees, and that $65.00 per hour is a reasonable charge for paralegal costs,

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for attorney's fees under the EAJA is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff is hereby awarded the sum of **TWO THOUSAND, FIVE HUNDRED TWO DOLLARS AND FIFTY-FIVE CENTS ($2,502.55)** pursuant to the EAJA, 28 U.S.C. § 2412(d).

**Signed: June 23, 2005**

Lacy H. Thornburg
United States District Judge